IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| SHIRLEY HYMAN, individually and on behalf of all others similarly situated, | )<br>)<br>) |
| Plaintiff, | ) Case No. 2:15-cv-13769 |
| v. | )<br>) Hon. Stephen J. Murphy, III<br>) Magistrate Judge Mona K. Majzoub |
| TV GUIDE MAGAZINE, LLC, a Delaware limited liability company, | )<br>)<br>) |
| Defendant. | ) |

### DEFENDANT'S MOTION TO DISMISS, *WITH PREJUDICE*, FOR LACK OF SUBJECT-MATTER JURISDICTION OR, ALTERNATIVELY, TO DECLINE TO EXERCISE SUBJECT-MATTER JURISDICTION

Pursuant to Fed. R. Civ. P. 12(b)(1), 28 U.S.C. § 1332(d)(2), 28 U.S.C. § 1332(d)(3), 28 U.S.C. § 1332(d)(4), and other governing statutes, rules, and case law, Defendant, TV Guide Magazine, LLC ("Defendant" or "TV Guide"), by and through its undersigned counsel, hereby files its Motion to Dismiss, *With Prejudice*, for Lack of Subject-Matter Jurisdiction Or, Alternatively, to Decline to Exercise Subject-Matter Jurisdiction (the "Motion to Dismiss"). In support of this Motion to Dismiss, Defendant is contemporaneously filing its Memorandum in Support of its Motion to Dismiss ("Memorandum"), which is incorporated herein.

As discussed in the Memorandum, the Court should dismiss Plaintiff's Class Action Complaint and Demand for Jury Trial ("Complaint"), *with prejudice*, on three independent grounds. First, Plaintiff does not – and cannot – allege that this Court has subject-matter jurisdiction over this case. Plaintiff fails to allege the citizenship of any of Defendant's members. That deficiency, in and of itself, requires dismissal. Moreover, Plaintiff cannot cure this deficiency because Plaintiff cannot allege that any class members are citizens of states

1

outside of the State of Michigan, where Defendant is a citizen, thereby precluding the Court from exercising diversity jurisdiction over this case under 28 U.S.C. § 1332(d)(2)(A). Furthermore, Plaintiff cannot satisfy the minimum jurisdictional amount of $5 million, particularly given passage of a newly enacted Michigan amendment to the operative statute barring the recovery of any statutory penalties, which are the focal point of Plaintiff's alleged damages.

Second, the Court "shall decline to exercise jurisdiction" over this case based on the "home state" and "local controversy" exceptions under 28 U.S.C. § 1332(d)(4). This is a quintessentially local dispute requiring the Court to decline jurisdiction under these exceptions.

Third, even if dismissal were not mandatory (which it is, as referenced above and discussed in the Memorandum), the Court should exercise any discretion to dismiss the Complaint "in the interests of justice" under 28 U.S.C. § 1332(d)(3). Again, this action is a classic example of a local dispute that the Court should dismiss under the statutory factors.

Defendant hereby certifies that, pursuant to Local Rule 7.1(a), Defendant's counsel and Plaintiff's counsel engaged in a conference during which Defendant's counsel explained the nature of the motion and its legal basis, and Defendant's counsel requested but did not receive concurrence in the relief sought.

Dated: April 1, 2016  
                                                   Respectfully submitted,  
                                                   **TV GUIDE MAGAZINE, LLC**

                                                   /s/   Hillard M. Sterling_____  
                                                         One of Its Attorneys

Hillard M. Sterling, Esq.  
ARDC No. 6232655  
Winget, Spadafora & Schwartzberg, LLP  
135 South LaSalle  
Suite 1921  
Chicago, IL 60603  
Phone: (312) 985-5600  
Fax: (312) 985-5601  
Email:  sterling.h@wssllp.com

2

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| SHIRLEY HYMAN, individually and on behalf of all others similarly situated, | |
| Plaintiff, | Case No. 2:15-cv-13769 |
| v. | Hon. Stephen J. Murphy, III |
| | Magistrate Judge Mona K. Majzoub |
| TV GUIDE MAGAZINE, LLC, a Delaware limited liability company, | |
| Defendant. | |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS, *WITH PREJUDICE*, FOR LACK OF SUBJECT-MATTER JURISDICTION OR, ALTERNATIVELY, TO DECLINE TO EXERCISE SUBJECT-MATTER JURISDICTION**

Hillard M. Sterling, Esq.
ARDC No. 6232655
Winget, Spadafora & Schwartzberg, LLP
135 South LaSalle
Suite 1921
Chicago, IL 60603
Phone: (312) 985-5600
Fax: (312) 985-5601
Email:  sterling.h@wssllp.com

## LOCAL RULE 7.1 STATEMENT OF ISSUES PRESENTED

In this putative class action asserting claims under the Michigan Video Rental Privacy Act, MCL § 445.1711, et seq. ("MVRPA") ("First Cause of Action"), and a related claim for unjust enrichment ("Second Cause of Action"), the questions presented by this Motion are:

1. Is Plaintiff's Class Action Complaint and Demand for Jury Trial ("Complaint") subject to dismissal under Fed. R. Civ. P. 12(b)(1) because this Court lacks subject-matter jurisdiction under 28 U.S.C. § 1332(d)(2)(A)?

   **Defendant says:**     **YES.**

2. Is Plaintiff's Complaint subject to dismissal because the Court "shall decline jurisdiction" over this action that falls under the "home state" and "local controversy" exceptions under 28 U.S.C. § 1332(d)(4)?

   **Defendant says:**     **YES.**

3. Even if dismissal were not mandatory (which it is), is Plaintiff's Complaint subject to dismissal because the Court should exercise any discretion to dismiss this class action under 28 U.S.C. § 1332(d)(3)?

   **Defendant says:**     **YES**

**CONTROLLING AND MOST APPROPRIATE AUTHORITIES**

A. **Plaintiffs Have Failed To Allege Sufficient Facts to Support Diversity Jurisdiction.**

   1. Fed. R. Civ. P. 12(b)(1).

   2. *Delay v Rosenthal Collins Group, LLC,* 585 F.3d 1003, 1005 (6th Cir. 2009).

   3. *V & M Star, LP v Centimark Corp,* 596 F. 3d. 354, 356 (6th Cir. 2009).

B. **The Court Should Dismiss *With Prejudice* Because Plaintiff Cannot Allege Sufficient Facts Supporting Diversity Jurisdiction As a Matter of Law.**

   1. **Plaintiff Cannot Allege That Any Class Members Are Not Citizens of the State of Michigan, as Required by 28 U.S.C. § 1332 (d)(2)(A).**

      a. 28 U.S.C. § 1332(d)(2).

   2. **Plaintiff Cannot Support the Jurisdictional Damages Minimum Because There Are No Legally Cognizable Damages Allegations.**

      a. *Charvat v. GVN Michigan, Inc.*, 561 F. 3d 623, 627-28 (6th Cir. 2009).

      b. *Galaria v. Nationwide Mutual Ins. Co.*, 998 F. Supp. 2d 646, 659 (S.D. Ohio 2014).

C. **Even if Plaintiff Could Cure These Deficiencies and Support Subject-Matter Jurisdiction, The Court "Shall Decline" to Exercise Jurisdiction In This Case Under the "Home State" and "Local Controversy" Exceptions.**

   1. 28 U.S.C. § 1332(d)(4).

   2. *American Central Financial Services v. Griffin*, 685 F. Supp. 2d 729. 734 n.3 (N.D. Ohio 2010).

D. **Alternatively, if Dismissal Were Not Mandatory (Which It Is), the Court Should Decline to Exercise Subject-Matter Jurisdiction Over This Case "In the Interests of Justice" Under 28 U.S.C. 1332(d)(3).**

   1. 28 U.S.C. 1332(d)(3).

   2. *Commisso v. PricewaterhouseCoopers LLC*, 2012 WL 3070217, at * 4 (S.D.N.Y. July 27, 2012).

## I.     INTRODUCTION

Pursuant to Fed. R. Civ. P. 12(b)(1), 28 U.S.C. § 1332(d)(2), 28 U.S.C. § 1332(d)(3), 28 U.S.C. § 1332(d)(4), and other governing statutes, rules, and case law, Defendant, TV Guide Magazine, LLC ("Defendant" or "TV Guide"), by and through its undersigned counsel, hereby files its Memorandum in Support of its Motion to Dismiss, *With Prejudice*, for Lack of Subject-Matter Jurisdiction Or, Alternatively, to Decline to Exercise Subject-Matter Jurisdiction (the "Motion to Dismiss").  In support of this Motion to Dismiss, Defendant states as follows:

The Court should dismiss Plaintiff's Class Action Complaint and Demand for Jury Trial ("Complaint"), *with prejudice*, on multiple independent grounds.  First, Plaintiff does not – and cannot – allege that this Court has subject-matter jurisdiction over this case.  Plaintiff's Complaint comes nowhere close to alleging the citizenship of any of Defendant's Members, as required by governing law.  Instead, Plaintiff simply alleges that Defendant "is a Delaware limited liability company with its principal place of business located" in New York, as though Defendant were a corporation rather than an LLC.  This deficiency, in and of itself, requires dismissal of the Complaint.

Moreover, Plaintiff cannot cure this defect because she cannot allege that any class members are citizens of states other than Michigan, as required by 28 U.S.C. § 1332(d)(2)(A). Plaintiff's proposed class, in fact, consists entirely of "Michigan residents" whose "Personal Reading Information" allegedly was disclosed in Michigan, in violation of a Michigan statute covering Michigan consumers.  As a result, even if Plaintiff tried, there is no basis for alleging that any class members are citizens in states other than the State of Michigan.

1

Nor can Plaintiff satisfy the jurisdictional minimum of $5 million in alleged damages required by 28 U.S.C. § 1332(d)(2)(A). The principal component of Plaintiff's alleged damages – statutory penalties of $5,000.00 per consumer – would be barred under an amendment that is winding its way through the Michigan legislature. The Michigan Senate and House have passed bills that would amend the statute to bar the recovery of statutory penalties. Those bills differ in certain other respects – but not regarding the prohibition against statutory penalties – and the House bill now proceeds back to the Senate for a concurring vote. Plaintiff's other damages claim – purported "lost value" of Plaintiff's personal information – also has no basis in governing law. Unable to satisfy the jurisdictional minimum of $5 million, Plaintiff's Complaint should be dismissed, *with prejudice*, on that ground as well.

Even if Plaintiff could cure these defects and satisfy the diversity requirements under 28 U.S.C. § 1332(d)(2)(A), the Court "shall decline to exercise jurisdiction" over this case based on the "home state" and "local controversy" exceptions under 28 U.S.C. §§ 1332(d)(4). These exceptions require the Court to decline jurisdiction over cases that are uniquely local in nature, and this case clearly qualifies. This class action is brought by a Michigan citizen on behalf of Michigan residents against a Michigan citizen which allegedly violated a Michigan statute. Simply stated, this is a quintessential local dispute, and the Court should dismiss the Complaint as squarely within the "home state" and "local controversy" exceptions.

Even if those exceptions did not apply (which they do), and the Court had discretion to dismiss the Complaint (which it does not), the Court should exercise that discretion to dismiss the Complaint "in the interests of justice" under 28 U.S.C. § 1332(d)(3). All relevant factors weigh uniformly in favor of dismissal, including Plaintiff's allegations establishing that this is a

Michigan dispute involving local parties and issues. There simply is no basis for maintaining federal jurisdiction over this case, and all of the relevant factors point towards dismissal.

The bottom line is that Plaintiff is trying to invoke subject-matter jurisdiction where it does not exist. The Court should dismiss the Complaint outright, *with prejudice*, and prevent Plaintiff from pushing this round-peg dispute into a square-hole forum where it does not belong.

## II.     ARGUMENT

### A.     Plaintiffs Have Failed To Allege Sufficient Facts to Support Diversity Jurisdiction.

It is black-letter law that, for diversity purposes, an LLC is a citizen of each state in which each of its members are citizens. *See Delay v Rosenthal Collins Group, LLC,* 585 F.3d 1003, 1005 (6th Cir. 2009) ("The general rule is that all unincorporated entities --- of which a limited liability company is one – have the citizenship of each partner or member"); *V & M Star, LP v Centimark Corp,* 596 F. 3d. 354, 356 (6th Cir. 2009) (recognizing that 'because a member of a limited liability company may itself have multiple members – and thus may itself have multiple citizenships – the federal court needs to know the citizenship of each 'sub-member' as well"); *TridentAllied Associates, LLC v. Cypress Creek Associates, LLC*, 317 F. Supp. 2d 752, 753 (E.D. Mich. 2004) ("For purposes of diversity, the citizenship of limited liability companies is the citizenship of each of its members").

Plaintiff's Complaint fails to allege the citizenship of any of Defendant's LLC members. Plaintiff merely alleges that Defendant "is a Delaware limited liability company with its principal place of business located at 11 West 42nd Street, New York, New York 10036. TV Guide conducts business throughout this District, the State of Michigan, and the United States." (Complaint, at ¶ 7.) This bare allegation has nothing to do with the citizenship of any of

3

Defendant's LLC members. Instead, Plaintiff appears to be alleging the citizenship of Defendant as though it were a corporation.

This deficiency, in and of itself, requires the dismissal of Plaintiff's Complaint. *See VeriCorr Packaging, LLC v Osiris Innovations Group, LLC,* 501 F. Supp. 2d. 989 (E.D. Mich. 2007) (dismissing complaint for lack of subject matter jurisdiction because the jurisdictional statement "indicated only the principal place of business of each LLC but [did] not identify the citizenship of the LLC members"). Accordingly, the Court should dismiss the Complaint outright for a lack of subject-matter jurisdiction.

### B. The Court Should Dismiss *With Prejudice* Because Plaintiff Cannot Allege Sufficient Facts Supporting Diversity Jurisdiction as a Matter of Law.

#### 1. Plaintiff Cannot Allege That Any Class Members Are Not Citizens of the State of Michigan, as Required by 28 U.S.C. § 1332 (d)(2)(A).

Plaintiff has the burden of alleging and showing that "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). Plaintiff cannot satisfy this burden. Defendant has one LLC member – TVG 2.0, LLC ("TVG 2.0"). (*See* Affidavit of Lawrence MacKenzie, a true-and-correct copy of which is attached hereto as Exhibit A, at ¶ 2.) TBG 2.0, in turn, has two (2) members, both of whom are domiciled in, and citizens of, the State of Michigan. (*See id.* at ¶¶ 3-5.)

Plaintiff does not allege that any member of Plaintiff's class is a citizen of a state other than the State of Michigan. To the contrary, the sole named plaintiff in this case – Shirley Hyman – "is a natural person and citizen of the State of Michigan." (Complaint, at ¶ 6; *see also id.* at ¶ 29 (alleging that "Plaintiff Shirley Hyman is a citizen of the State of Michigan").)

Plaintiff defines the purported class as follows: "All Michigan residents who purchased a subscription to TV Guide." (Complaint, at ¶ 39.) The statute on which the Complaint is based –

4

the Michigan Video Rental Privacy Act ("MVRPA") – protects Michigan citizens, not citizens of other states. As Plaintiff's counsel has stated in public testimony opposing a bill that amended the MVRPA to preclude statutory fines and require proof of actual damages, "Michigan Attorney General Bill Schuette stated in a recent court filing that: 'prohibiting disclosure of the personal information at issue directly protects ***Michigan citizens*** against unwanted intrusions into their private affairs, and promotes the pursuit of intellectual and spiritual fulfillment without being subjected to the scrutiny of others." *Mich. Senate Bill No. 490, A Bill to Amend Michigan's Preservation of Personal Privacy Act*: Hearing Before the Mich. H. Comm. On Commerce and Trade, 98th Leg. (2015) (statement of Ari J. Scharg) (emphasis supplied).

Without any basis for alleging that any out-of-state citizens are part of the alleged class, Plaintiff cannot support diversity jurisdiction in this case. Plaintiff's Complaint, therefore, should be dismissed *with prejudice*.

**2. Plaintiff Cannot Support the Jurisdictional Damages Minimum Because There Are No Legally Cognizable Damages Allegations.**

"It appears to a legal certainty that '[a] claim is less than the jurisdictional amount where the 'applicable law bar[s] the type of damages sought by plaintiff." *Charvat v. GVN Michigan, Inc.*, 561 F. 3d 623, 627-28 (6th Cir. 2009) (citations omitted). In this case, governing law bars both of the types of damages sought by Plaintiff.

An impending Michigan statutory amendment expressly precludes Plaintiff from seeking statutory penalties, which are the focal point of Plaintiff's damages claims. In particular, Plaintiff seeks purported statutory penalties in the amount of $5,000.00 for each alleged class member under the MVRPA. (*See* Complaint, at ¶¶ 67, p. 21.) Both Houses of the Michigan legislature, however, have passed bills that would amend the MVRPA to bar the recovery of

statutory penalties and restrict plaintiffs to seeking and recovering their "actual damages." (*See* Senate and House Bills, true-and-correct copies of which are attached hereto as Exhibit B.)

Plaintiff's alleged statutory penalties, therefore, cannot be considered in the calculation of the jurisdictional minimum as a matter of law. The same is true for Plaintiff's novel claims for "actual damages" based on the allegation that Plaintiff "and the other Class members ascribe monetary value to the privacy of their Personal Reading Information," which purportedly means that "a magazine subscription that keeps their Personal Reading Information private pursuant to the VRPA is more valuable than one that does not." (Complaint, at ¶ 65.)

There is no Sixth Circuit precedent supporting this fanciful theory of "actual damages." To the contrary, courts consistently reject allegations that plaintiffs' purported personal information has inherent monetary value. *See e.g.*, *Willingham v. Global Payments, Inc.*, 2013 WL 440702, at * 6 (N.D. Ga. Feb. 5, 2013) (holding that "[p]laintiffs' PII does not have inherent monetary value") (citations omitted); *In re Google Android Consumer Privacy Litigation*, 2013 WL 1283236, at * 4 (N.D. Cal. Mar. 26, 2013) (recognizing that "district courts have been reluctant to find standing based solely on a theory that the value of a plaintiff's PII has been diminished").

At a bare minimum, Plaintiff fails entirely to allege how, if at all, her personal information lost any value as a result of the alleged disclosures in the Complaint, let alone how the alleged class suffered an astounding $5 million of such lost value. This deficiency alone is fatal to the jurisdictional allegations, and requires the Court to dismiss the Complaint. *See Galaria v. Nationwide Mutual Ins. Co.*, 998 F. Supp. 2d 646, 659 (S.D. Ohio 2014) (holding that "even if deprivation of value of PII was an injury sufficient to confer standing, Named Plaintiffs failed to allege facts supporting their assertion that they were deprived of the value of their PII").

## C. Even if Plaintiff Could Cure These Deficiencies and Support Subject-Matter Jurisdiction, The Court "Shall Decline" to Exercise Jurisdiction In This Case Under the "Home State" and "Local Controversy" Exceptions.

### 1. The Court "shall decline" to exercise jurisdiction under the "home state exception" under 28 U.S.C. § 1332(d)(4)(B).

The "home state exception" provides that this Court "shall decline to exercise jurisdiction" over a class action in which "two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(B).

Plaintiff's Complaint clearly satisfies both of these criteria. First, Plaintiff's alleged class constitutes "[a]ll Michigan residents who purchased a subscription to TV Guide." (Complaint, at ¶ 39.) Even if Plaintiff could try to sustain diversity jurisdiction by alleging that some of these class members are not Michigan citizens (despite the statute's focus on Michigan's citizens, as discussed above), Plaintiff's proposed class satisfies the element that "two-thirds or more of the members of all proposed plaintiff classes in the aggregate" are "citizens of the State in which the action was originally filed," *i.e.*, the State of Michigan. 28 U.S.C. § 1332(d)(4)(A)(i)(I). *See American Central Financial Services v. Griffin*, 685 F. Supp. 2d 729. 734 n.3 (N.D. Ohio 2010) (rejecting the argument that the class definition – which restricted the class to Ohio "residents" – was inadequate to find that at least two-thirds of the class were "citizens," and holding that the "citizenship prong" was satisfied because "given the specific facts of this case – Ohio residents entering into loans with an Ohio corporation – it is more likely than not that more than two-thirds of the class members are Ohio citizens"); *Mattera v. Clear Channel Comm'n, Inc.*, 239 F.R.D. 70, 80 (S.D.N.Y. 2006) (holding that two-thirds or more of plaintiff's class members were citizens of New York because "it is reasonably likely that more than two-thirds of the putative

7

class members of the proposed class – all of whom work in New York – are citizens of New York").

Second, the sole defendant in this case – TV Guide – is a citizen of the State of Michigan. (*See supra* at Exhs. A, B.) (*See* Complaint at ¶¶ 1-5 (alleging TV Guide's "disclosure practices" in Plaintiff's "Statement of the Case"); ¶ 7 (defining Defendant as TV Guide"); 8 (alleging personal jurisdiction over TV Guide only); ¶¶ 24-38 (alleging TV Guide's purported disclosure of "Personal Reading Information"); ¶¶ 47-75 (alleging causes of action against TV Guide only); ¶¶ 67, 75 (seeking relief against TV Guide only).)

The "home state exception," therefore, squarely applies in this case. Accordingly, the Court "shall decline" to exercise subject-matter jurisdiction over this case.

### 2. The Court also "shall decline" to exercise jurisdiction under the "local controversy exception."

The "local controversy exception" provides that this Court "shall decline to exercise jurisdiction:

    (i)    over a class action in which --

        (I)    greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed;

        (II)    at least 1 defendant is a defendant –

            (aa)    from whom significant relief is sought by members of the plaintiff class;
            (bb)    whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and
            (cc)    who is a citizen of the State in which the action was originally filed; and

        (III)    principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed; and

8

> (ii) during the 3-year period preceding the filing of that class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons.

28 U.S.C. § 1332(d)(4)(A).

This exception applies to cases in which there are multiple local defendants but not a "primary" local defendant (which implicates the "home-state exception"). Because TV Guide (a Michigan citizen) is the only Defendant in this case, the "home-state exception" applies, and there is no need to consider the applicability of the "local controversy exception."

Nevertheless, the "local controversy exception" also applies here, further requiring the Court to decline to exercise subject-matter jurisdiction in this case. As discussed above, Plaintiff's allegations squarely satisfy the element that "principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed," *i.e.*, the State of Michigan. 28 U.S.C. § 1332(d)(4)(A)(i)(III). (*See* Complaint, at ¶ 8 (alleging that "the unlawful conduct alleged in the Complaint occurred in, was directed at, and/or emanated from this District"); ¶ 10 (alleging that "a substantial part of the events and omissions giving rise to the claim occurred in this District" and that "Defendant conducts significant business in this District, including soliciting consumer business and entering into consumer transactions here"); ¶ 29 (alleging that "Plaintiff Shirley Hyman is a citizen of the State of Michigan"); ¶¶ 47-75 (alleging causes of action based on alleged conduct against Ms. Hyman, an alleged "Michigan citizen," and "Class Members," defined as "Michigan residents").

Moreover, this is the first class action filed against TV Guide alleging the same or similar allegations on behalf of the alleged class. (*See* Pacer Search, a true-and-correct copy of which is attached hereto as Exhibit C.) As a result, "during the three-year period preceding the filing of this case" (October 26, 2012, through October 26, 2015), "no other class action has been filed

9

asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons." 28 U.S.C. § 1332(d)(4)(A)(i)(III.

The bottom line is that Plaintiff's Complaint clearly meets all of the "local controversy exception" criteria, as well as the "home state exception" criteria. Accordingly, the Court "shall decline" to exercise subject-matter jurisdiction over this case. *See Horattas v. Citigroup Financial Markets, Inc.*, 2007 U.S. Dist. LEXIS 46888, at * 7 (W.D. Mich. June 28, 2007) (recognizing that the complaint, which was filed "on behalf of thousands of Michigan consumers" against a Michigan citizen, met all the statutory criteria and "all federal courts would be required under the 'local controversy exception' to decline jurisdiction over this case").

**D. Alternatively, if Dismissal Were Not Mandatory (Which It Is), the Court Should Decline to Exercise Subject-Matter Jurisdiction Over This Case "In the Interests of Justice" Under 28 U.S.C. § 1332(d)(3).**

The Court should dismiss this action, *with prejudice*, for the reasons set forth above. Plaintiff cannot allege diversity jurisdiction in this case. And even if Plaintiff could, the Court "shall decline" to exercise subject-matter jurisdiction based on the "home state exception" and the "local controversy exception."

However, if the Court deemed that dismissal were not mandatory, despite the contrary statutory language discussed above, the Court should exercise any discretion to dismiss *with prejudice*. The Court has such discretion "over any class action in which greater than one-third but less than two-thirds of the members of all proposed plaintiff classes in the aggregate and the primary defendants are citizens of the State in which the action was originally filed…." 28 U.S.C. § 1332(d)(3). This case clearly qualifies. Plaintiff is an alleged "citizen of the State of Michigan," and her proposed class consists of "Michigan residents." (Complaint, at ¶¶ 6, 39.) Since these allegations satisfy mandatory statutory exceptions requiring that two-thirds of the

10

class members are Michigan citizens, *a fortiori*, they satisfy the discretionary exception requiring more than one-third of the class to be Michigan citizens. (*See supra* at pp. 7-8; *see also American Central Financial Services.*, 685 F. Supp. 2d at 734 n.3; *Mattera*, 239 F.R.D. at 80).

Since the threshold "at least one-third" requirement is satisfied, the Court "may, in the interests of justice and looking at the totality of the circumstances, decline to exercise jurisdiction" based on a number of factors that focus on the extent to which the case is of local interest (and hence should be litigated in state court). 28 U.S.C. § 1332(d)(3). In particular, the Court should consider the following factors:

> (A) whether the claims asserted involve matters of national or interstate interest.
>
> (B) whether the claims asserted will be governed by laws of the State in which the action was originally filed or by the laws of other States;
>
> (C) whether the class action has been pleaded in a manner that seeks to avoid Federal jurisdiction;
>
> (D) whether the action was brought in a forum with a distinct nexus with the class members, the alleged harm, or the defendants.
>
> (E) whether the number of citizens of the State in which the action was originally filed in all proposed plaintiff classes in the aggregate is substantially larger than the number of citizens from any other State, and the citizenship of the other members of the proposed class is dispersed among a substantial number of States; and
>
> (F) whether, during the 3-year period preceding the filing of that class action, 1 or more other class actions asserting the same or similar claims on behalf of the same or other persons have been filed.

28 U.S.C. § 1332(d)(3).

These factors weigh heavily, indeed uniformly, in favor of dismissal. As an initial matter, there can be no doubt that the issues in this case are uniquely local in nature. This is a class action brought by alleged "Michigan residents" against a Michigan citizen based on

11

purported violations of a Michigan statute through alleged publications that occurred in Michigan. (*See* Complaint at ¶¶ 1-10, 24-39, 47-68.) It is difficult, in fact, to conceive of a class action that is more focused on the State of Michigan in its proposed class, its allegations, and its causes of action. *Accord Commisso v. PricewaterhouseCoopers LLC*, 2012 WL 3070217, at * 4 (S.D.N.Y. July 27, 2012) (granting defendant's motion to dismiss because, *inter alia*, "it is readily apparent that these issues are local in nature, and accordingly the first, second, and fourth factors weigh in favor of the Court declining to exercise subject matter jurisdiction").

The fifth factor also supports dismissal. Even if the Court were to find that less than two-thirds of the class members are Michigan citizens (despite the above-cited precedent to the contrary), the number of Michigan citizens in the class of "Michigan residents," by definition, "is substantially larger than the number of citizens from any other State." 28 U.S.C. § 1332(d)(3)(E). To the extent that there are any citizens of other states in the class of "Michigan residents" – and there is no evidence of any such out-of-state citizens – there certainly is no indication that any such citizens are centralized in any other state. (*Id.*) *Accord Commisso*, 2012 WL 3070217, at * 5 ("It is clear that the eligible plaintiffs from New York substantially outnumber the ones from elsewhere, and no other state has anywhere near as significant an interest in the case as does New York").

Finally, the sixth factor also points towards dismissal. There have been no other class actions asserting the same or similar claims against Defendant. (*See* Exh. C.) There simply are no federal interests in coordinating this case with any others asserted against Defendant.

Simply stated, this is a case that belongs, if anywhere, in Michigan state court, and there are no interests or factors supporting the maintenance of this action in federal court.

12

Accordingly, the Court should exercise any discretion in favor of dismissal, if any such discretion existed, which it does not.

### III. CONCLUSION

WHEREFORE, for the reasons set forth herein, the Court should: (a) grant this Motion to Dismiss; (b) dismiss Plaintiff's Complaint, *with prejudice*, based on the absence of subject-matter jurisdiction; (c) alternatively, decline to exercise subject-matter jurisdiction based on the "home state exception" or the "local controversy exception" or, if the Court determined that these exceptions did not apply, exercise any discretion to dismiss *with prejudice* in the interests of justice; and (d) grant such further relief as the Court deems just and appropriate.

Dated: April 1, 2016                                  Respectfully submitted,

**TV GUIDE MAGAZINE, LLC**


/s/ Hillard M. Sterling
One of Its Attorneys


Hillard M. Sterling, Esq.
ARDC No. 6232655
Winget, Spadafora & Schwartzberg, LLP
135 South LaSalle
Suite 1921
Chicago, IL 60603
Phone: (312) 985-5600
Fax: (312) 985-5601
Email: sterling.h@wssllp.com

**CERTIFICATE OF SERVICE**

The undersigned, Hillard M. Sterling, certifies that on April 1, 2016, he electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.


/s/ Hillard M. Sterling


Hillard M. Sterling, Esq.
ARDC No. 6232655
Winget, Spadafora & Schwartzberg, LLP
135 South LaSalle
Suite 1921
Chicago, IL 60603
Phone: (312) 985-5600
Fax: (312) 985-5601
Email:  sterling.h@wssllp.com