# Exhibit B

SB-0490, As Passed Senate, December 15, 2015

SUBSTITUTE FOR

SENATE BILL NO. 490

A bill to amend 1988 PA 378, entitled

"An act to preserve personal privacy with respect to the purchase,
rental, or borrowing of certain materials; and to provide penalties
and remedies for violation of this act,"

by amending sections 1, 2, 3, 4, and 5 (MCL 445.1711, 445.1712,

445.1713, 445.1714, and 445.1715), section 5 as added by 1989 PA

206.

THE PEOPLE OF THE STATE OF MICHIGAN ENACT:

1    Sec. 1. As used in this act:

2    (a) "Customer" means a person AN INDIVIDUAL who purchases,

3    rents, or borrows a book, or other written material, or a sound

4    recording, or a video recording.

5    (b) "Employee" means a person AN INDIVIDUAL who works for an

S01636'15 * (S-1)                                                    DAM

2

1    employer in exchange for wages or other remuneration.

2        (c) "Employer" means a person ~~who~~ THAT has 1 or more

3    employees.

4        (D) "ORDINARY COURSE OF BUSINESS" MEANS ACTIVITIES RELATED TO

5    THE SALE, RENTAL, OR LENDING OF, OR ADVERTISING IN, MATERIALS

6    DESCRIBED IN SECTION 2.

7        (E) "WRITTEN" INCLUDES ANY ELECTRONIC MEANS USING THE INTERNET

8    OR OTHERWISE AUTHORIZED UNDER THE UNIFORM ELECTRONIC TRANSACTIONS

9    ACT, 2000 PA 305, MCL 450.831 TO 450.849.

10       Sec. 2. (1) ~~Except~~ SUBJECT TO SUBSECTION (2) AND EXCEPT as

11   provided in section 3 or as otherwise provided by law, a person, or

12   an employee or agent of the person, engaged in the business of

13   selling at retail, renting, or lending books or other written

14   materials, sound recordings, or video recordings shall not

15   KNOWINGLY disclose to any person, other than the customer, a record

16   or information ~~concerning the purchase, lease, rental, or borrowing~~

17   ~~of~~ THAT PERSONALLY IDENTIFIES THE CUSTOMER AS HAVING PURCHASED,

18   LEASED, RENTED, OR BORROWED those materials ~~by a customer that~~

19   ~~indicates the identity of the customer.~~ FROM THE PERSON ENGAGED IN

20   THE BUSINESS.

21       (2) THIS SECTION DOES NOT APPLY TO THE DISCLOSURE OF A RECORD

22   OR INFORMATION THAT HAS BEEN AGGREGATED OR HAS BEEN PROCESSED IN A

23   MANNER DESIGNED TO PREVENT ITS ASSOCIATION WITH AN IDENTIFIABLE

24   PERSON.

25       Sec. 3. A record or information described in section 2 may be

26   disclosed only in 1 or more of the following circumstances:

27       (a) With the written permission of the customer.

3

1    (b) Pursuant to a **WARRANT OR** court order.

2    (c) To the extent reasonably necessary to collect payment for

3  the materials or the rental of the materials, if the customer has

4  received written notice that the payment is due and has failed to

5  pay or arrange for payment within a reasonable time after notice.

6    **(D) TO ANY PERSON IF THE DISCLOSURE IS INCIDENT TO THE**

7  **ORDINARY COURSE OF BUSINESS OF THE PERSON THAT IS DISCLOSING THE**

8  **INFORMATION.**

9    **(E)** ~~(d)~~ If the disclosure is for the ~~exclusive~~ purpose of

10 marketing goods and services ~~directly to the consumer.~~**TO CUSTOMERS**

11 **OR POTENTIAL CUSTOMERS. ALL OF THE FOLLOWING APPLY FOR PURPOSES OF**

12 **THIS SUBDIVISION:**

13   (*i*) The person **THAT IS** disclosing the information shall inform

14 the customer by written notice that the customer may remove his or

15 her name at any time ~~by written~~ **IN THE MANNER DESCRIBED IN**

16 **SUBPARAGRAPH** (*ii*). **ANY OF THE FOLLOWING METHODS OF NOTICE SATISFY**

17 **THE WRITTEN NOTICE REQUIREMENTS OF THIS SUBPARAGRAPH:**

18   **(A) WRITTEN NOTICE INCLUDED IN OR WITH ANY MATERIALS SOLD,**

19 **RENTED, OR LENT TO THE CUSTOMER UNDER SECTION 2.**

20   **(B) WRITTEN NOTICE PROVIDED TO THE CUSTOMER AT THE TIME HE OR**

21 **SHE ORDERS ANY OF THE MATERIALS DESCRIBED IN SECTION 2 OR OTHERWISE**

22 **PROVIDED TO THE CUSTOMER IN CONNECTION WITH THE TRANSACTION BETWEEN**

23 **THE PERSON AND CUSTOMER FOR THE SALE, RENTAL, OR LOAN OF THE**

24 **MATERIALS TO THE CUSTOMER.**

25   **(C) NOTICE THAT IS INCLUDED IN AN ONLINE PRIVACY POLICY OR**

26 **SIMILAR COMMUNICATION THAT IS POSTED ON THE INTERNET, IS MAINTAINED**

27 **BY THE PERSON THAT IS DISCLOSING THE INFORMATION, AND IS AVAILABLE**

4

1  TO CUSTOMERS OR THE GENERAL PUBLIC.

2      (*ii*) A CUSTOMER MAY PROVIDE notice to the person THAT IS

3  disclosing ~~the~~ information UNDER THIS SUBDIVISION THAT THE CUSTOMER

4  DOES NOT WANT HIS OR HER NAME DISCLOSED. IF THE PERSON PROVIDES A

5  PROMINENTLY DISCLOSED AND EASY-TO-USE MECHANISM OR ADDRESS FOR

6  SUBMISSION OF SUCH A REQUEST, THE CUSTOMER MUST SUBMIT THE NOTICE

7  IN THAT MANNER IN ORDER FOR THE NOTICE TO BE VALID UNDER THIS

8  SECTION.

9      (*iii*) BEGINNING 30 DAYS AFTER THE PERSON RECEIVES THE WRITTEN

10 NOTICE, THE PERSON SHALL NOT KNOWINGLY DISCLOSE THE CUSTOMER'S NAME

11 TO ANY OTHER PERSON FOR MARKETING GOODS AND SERVICES.

12     (F) ~~(e)~~ Pursuant to a search warrant issued by a state or

13 federal court or A grand jury subpoena.

14     Sec. 4. A person ~~who~~ THAT violates this act is guilty of a

15 misdemeanor.

16     Sec. 5. (1) Regardless of any criminal prosecution for ~~a~~ THE

17 violation, ~~of this act,~~ a person ~~who~~ THAT violates this act ~~shall~~

18 MAY be liable in a civil action for damages to ~~the customer~~

19 ~~identified in a record or other information that is disclosed in~~

20 ~~violation of this act. The~~ A CUSTOMER UNDER SUBSECTION (2).

21     (2) A customer DESCRIBED IN SUBSECTION (1) WHO SUFFERS ACTUAL

22 DAMAGES AS A RESULT OF A VIOLATION OF THIS ACT may bring a civil

23 action against the person THAT VIOLATED THIS ACT and may recover

24 both of the following:

25     (a) ~~Actual~~ THE CUSTOMER'S ACTUAL damages, including damages

26 for emotional distress. ~~, or $5,000.00, whichever is greater.~~

27     (b) ~~Costs~~ REASONABLE COSTS and ~~reasonable~~ attorney fees.

5

1    (3) NO LIABILITY MAY RESULT FROM THE LAWFUL DISCLOSURE OF A

2  RECORD OR INFORMATION THAT IS PERMITTED UNDER SECTION 3.

3    Enacting section 1. This amendatory act takes effect 90 days

4  after the date it is enacted into law.

5    Enacting section 2. This amendatory act is curative and

6  intended to clarify that the prohibitions on disclosing information

7  contained in 1988 PA 378, MCL 445.1711 to 445.1715, do not prohibit

8  disclosing information if it is incident to the ordinary course of

9  business of the person disclosing the information, including

10  marketing goods and services to customers or potential customers

11  when written notice is provided, and that a civil action for a

12  violation of those prohibitions may only be brought by a customer

13  who has suffered actual damages as a result of the violation.

SB-0490, As Passed House, March 24, 2016

HOUSE SUBSTITUTE FOR

SENATE BILL NO. 490

A bill to amend 1988 PA 378, entitled

"An act to preserve personal privacy with respect to the purchase, rental, or borrowing of certain materials; and to provide penalties and remedies for violation of this act,"

by amending sections 1, 2, 3, 4, and 5 (MCL 445.1711, 445.1712,

445.1713, 445.1714, and 445.1715), section 5 as added by 1989 PA

206.

**THE PEOPLE OF THE STATE OF MICHIGAN ENACT:**

1    Sec. 1. As used in this act:

2    (a) "Customer" means ~~a person~~ **AN INDIVIDUAL** who purchases,

3    rents, or borrows a book~~,~~ ~~or~~ other written material, ~~or~~ a sound

4    recording, or a video recording.

5    (b) "Employee" means ~~a person~~ **AN INDIVIDUAL** who works for an

6    employer in exchange for wages or other remuneration.

S01636'15 * (H-2)                                                    DAM

2

1    (c) "Employer" means a person ~~who~~ THAT has 1 or more

2  employees.

3    (D) "ORDINARY COURSE OF BUSINESS" MEANS ACTIVITIES RELATED TO

4  THE SALE, RENTAL, OR LENDING OF, OR ADVERTISING IN, MATERIALS

5  DESCRIBED IN SECTION 2.

6    (E) "WRITTEN" INCLUDES ANY ELECTRONIC MEANS USING THE INTERNET

7  OR OTHERWISE AUTHORIZED UNDER THE UNIFORM ELECTRONIC TRANSACTIONS

8  ACT, 2000 PA 305, MCL 450.831 TO 450.849.

9    Sec. 2. (1) ~~Except~~ SUBJECT TO SUBSECTION (2) AND EXCEPT as

10 provided in section 3 or as otherwise provided by law, a person, or

11 an employee or agent of the person, engaged in the business of

12 selling at retail, renting, or lending books or other written

13 materials, sound recordings, or video recordings shall not

14 KNOWINGLY disclose to any person, other than the customer, a record

15 or information ~~concerning the purchase, lease, rental, or borrowing~~

16 ~~of~~ THAT PERSONALLY IDENTIFIES THE CUSTOMER AS HAVING PURCHASED,

17 LEASED, RENTED, OR BORROWED those materials ~~by a customer that~~

18 ~~indicates the identity of the customer.~~ FROM THE PERSON ENGAGED IN

19 THE BUSINESS.

20   (2) THIS SECTION DOES NOT APPLY TO THE DISCLOSURE OF A RECORD

21 OR INFORMATION THAT HAS BEEN AGGREGATED OR HAS BEEN PROCESSED IN A

22 MANNER DESIGNED TO PREVENT ITS ASSOCIATION WITH AN IDENTIFIABLE

23 CUSTOMER.

24   Sec. 3. A record or information described in section 2 may be

25 disclosed only in 1 or more of the following circumstances:

26   (a) With the written permission of the customer.

27   (b) Pursuant to a WARRANT OR court order.

S01636'15 * (H-2)                                                DAM

3

1        (c) To the extent reasonably necessary to collect payment for
2    the materials or the rental of the materials, if the customer has
3    received written notice that the payment is due and has failed to
4    pay or arrange for payment within a reasonable time after notice.
5        **(D) TO ANY PERSON IF THE DISCLOSURE IS INCIDENT TO THE**
6    **ORDINARY COURSE OF BUSINESS OF THE PERSON THAT IS DISCLOSING THE**
7    **RECORD OR INFORMATION. THIS SUBDIVISION ONLY APPLIES TO A RECORD OR**
8    **INFORMATION THAT IS CREATED OR OBTAINED AFTER THE EFFECTIVE DATE OF**
9    **THE AMENDATORY ACT THAT ADDED THIS SUBDIVISION.**
10       **(E)** ~~(d)~~ If the disclosure is for the ~~exclusive~~ purpose of
11   marketing goods and services ~~directly to the consumer.~~ **TO**
12   **CUSTOMERS. ALL OF THE FOLLOWING APPLY FOR PURPOSES OF THIS**
13   **SUBDIVISION:**
14       (*i*) The person **THAT IS** disclosing the information shall inform
15   the customer by written notice that the customer may remove his or
16   her name at any time ~~by written~~ **AND SHALL SPECIFY THE MANNER OR**
17   **MANNERS BY WHICH THE CUSTOMER MAY REMOVE HIS OR HER NAME. UNLESS**
18   **THE PERSON'S METHOD OF COMMUNICATION WITH CUSTOMERS IS BY**
19   **ELECTRONIC MEANS, THE WRITTEN NOTICE SHALL INCLUDE A NONELECTRONIC**
20   **METHOD THAT THE CUSTOMER MAY USE TO OPT OUT OF DISCLOSURE. ANY OF**
21   **THE FOLLOWING METHODS OF NOTICE SATISFY THE WRITTEN NOTICE**
22   **REQUIREMENTS OF THIS SUBPARAGRAPH:**
23       **(A) WRITTEN NOTICE INCLUDED IN OR WITH ANY MATERIALS SOLD,**
24   **RENTED, OR LENT TO THE CUSTOMER UNDER SECTION 2.**
25       **(B) WRITTEN NOTICE PROVIDED TO THE CUSTOMER AT THE TIME HE OR**
26   **SHE ORDERS ANY OF THE MATERIALS DESCRIBED IN SECTION 2 OR OTHERWISE**
27   **PROVIDED TO THE CUSTOMER IN CONNECTION WITH THE TRANSACTION BETWEEN**

4

1  THE PERSON AND CUSTOMER FOR THE SALE, RENTAL, OR LOAN OF THE

2  MATERIALS TO THE CUSTOMER.

3      (C) NOTICE THAT IS INCLUDED AND CLEARLY AND CONSPICUOUSLY

4  DISCLOSED IN AN ONLINE PRIVACY POLICY OR SIMILAR COMMUNICATION THAT

5  IS POSTED ON THE INTERNET, IS MAINTAINED BY THE PERSON THAT IS

6  DISCLOSING THE INFORMATION, AND IS AVAILABLE TO CUSTOMERS OR THE

7  GENERAL PUBLIC.

8      (*ii*) A CUSTOMER MAY PROVIDE notice to the person THAT IS

9  disclosing ~~the~~ information UNDER THIS SUBDIVISION THAT THE CUSTOMER

10  DOES NOT WANT HIS OR HER NAME DISCLOSED.

11      (*iii*) BEGINNING 30 DAYS AFTER THE PERSON RECEIVES THE

12  CUSTOMER'S NOTICE, THE PERSON SHALL NOT KNOWINGLY DISCLOSE THE

13  CUSTOMER'S NAME TO ANY OTHER PERSON FOR MARKETING GOODS AND

14  SERVICES.

15      (F) ~~(e)~~ Pursuant to a search warrant issued by a state or

16  federal court or A grand jury subpoena.

17      Sec. 4. A person ~~who~~ THAT violates this act is guilty of a

18  misdemeanor.

19      Sec. 5. (1) Regardless of any criminal prosecution for ~~a~~ THE

20  violation, ~~of this act,~~ a person ~~who~~ THAT violates this act ~~shall~~

21  MAY be liable in a civil action for damages to ~~the customer~~

22  ~~identified in a record or other information that is disclosed in~~

23  ~~violation of this act. The~~ A CUSTOMER UNDER SUBSECTION (2).

24      (2) A customer DESCRIBED IN SUBSECTION (1) WHO SUFFERS ACTUAL

25  DAMAGES AS A RESULT OF A VIOLATION OF THIS ACT may bring a civil

26  action against the person THAT VIOLATED THIS ACT and may recover

27  both of the following:

5

1    (a) ~~Actual~~ **THE CUSTOMER'S ACTUAL** damages, including damages

2    for emotional distress. ~~, or $5,000.00, whichever is greater.~~

3    (b) ~~Costs~~ **REASONABLE COSTS** and ~~reasonable~~ attorney fees.

4    **(3) NO LIABILITY MAY RESULT FROM THE LAWFUL DISCLOSURE OF A**

5    **RECORD OR INFORMATION THAT IS PERMITTED UNDER SECTION 3.**

6    Enacting section 1. This amendatory act takes effect 90 days

7    after the date it is enacted into law.

8    Enacting section 2. This amendatory act is curative and

9    intended to clarify that the prohibitions on disclosing information

10    contained in 1988 PA 378, MCL 445.1711 to 445.1715, do not prohibit

11    disclosing information if it is incident to the ordinary course of

12    business of the person disclosing the information, including

13    marketing goods and services to customers or potential customers

14    when written notice is provided, and that a civil action for a

15    violation of those prohibitions may only be brought by a customer

16    who has suffered actual damages as a result of the violation.