**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**

| | | |
|---|---|---|
| SHIRLEY HYMAN, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 2:15-cv-13769 |
| v. | ) ) | Hon. Stephen J. Murphy, III Magistrate Judge Mona K. Majzoub |
| TV GUIDE MAGAZINE, LLC, a Delaware limited liability company, | ) ) ) | |
| Defendant. | ) | |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS
MOTION TO STAY CLASS-ACTION CERTIFICATION ISSUES AND
DISCOVERY PENDING ADJUDICATION OF MOTION TO DISMISS
AND <u>ENACTMENT OF STATUTE THAT WOULD BAR RECOVERY OF ANY
PENALTIES</u>**

Hillard M. Sterling, Esq.
ARDC No. 6232655
Winget, Spadafora & Schwartzberg, LLP
135 South LaSalle
Suite 1921
Chicago, IL 60603
Phone: (312) 985-5600
Fax: (312) 985-5601
Email:  sterling.h@wssllp.com

## <u>LOCAL RULE 7.1 STATEMENT OF ISSUES PRESENTED</u>

In this putative class action asserting claims under the Michigan Video Rental Privacy Act, MCL § 445.1711, et seq. ("MVRPA") ("First Cause of Action"), and a related claim for unjust enrichment ("Second Cause of Action"), the questions presented by this Motion are:

1.      Should the Court stay adjudication and litigation of class-certification issues and discovery pending the Court's consideration of Defendant's motion to dismiss, with prejudice, which seeks dismissal of this action on several independent grounds, including the Court's lack of subject-matter jurisdiction?

**Defendant says:      YES.**

2.      Should the Court stay adjudication and litigation of class-certification issues and discovery pending the potential enactment of an amendment to the operative statute, since the amendment would bar Plaintiff from recovering statutory penalties and preclude Plaintiff from satisfying the jurisdictional minimum amount necessary to support subject-matter jurisdiction?

**Defendant says:      YES.**

## **CONTROLLING AND MOST APPROPRIATE AUTHORITIES**

**A. The Court Should Stay Class-Action Certification and Discovery Pending Adjudication of the Motion to Dismiss, Which Would Conclude This Action With Prejudice.**

    1.  28 U.S.C. § 1332(d).

    2.  *Clinton v. Jones*, 520 U.S. 680, 706 (1997).

**B. The Court Also Should Stay Class-Certification Issues and Discovery Pending Enactment of a Michigan Statute That Would Deprive Plaintiff of Standing and Prevent Plaintiff From Satisfying the Jurisdictional Minimum.**

    1.  *Rookledge v. Garwood*, 340 Mich. 444, 453 (Mich. 1954).

    2.  *Seaton v. Wayne County Prosecutor*, 233 Mich. App. 313, 322 (1988).

## I.      INTRODUCTION

Defendant, TV Guide Magazine, LLC ("Defendant" or "TV Guide"), by and through its undersigned counsel, hereby files this Memorandum in Support of its Motion to Stay Class-Action Certification Issues and Discovery Pending Adjudication of Motion to Dismiss and Enactment of Statute That Would Bar Recovery of Any Penalties (the "Motion to Stay").  In further support of the Motion to Stay, Defendant states as follows:

The Court should stay any adjudication or litigation of class-action certification issues and discovery pending two impending developments that may conclude this case in its entirety, *with prejudice*.  First, Defendant has filed a Motion to Dismiss, *With Prejudice*, for Lack of Subject-Matter Jurisdiction or, Alternatively, to Decline to Exercise Subject Matter Jurisdiction (the "Motion to Dismiss").  The Motion to Dismiss seeks dismissal of this case, *with prejudice*, on several independent grounds, including the absence of subject-matter jurisdiction over this purported class action.  Accordingly, a stay pending adjudication of the Motion to Dismiss would promote sound case management and judicial economy, and save substantial time and resources that would be devoted to a case that may never have belonged in this Court in the first instance.

Second, the Michigan legislature is considering an amendment to the operative statute on which Plaintiff relies – the Michigan Video Rental Privacy Act ("MVRPA") – which would profoundly impact the viability of Plaintiff's Complaint.  The Michigan House and Senate both passed bills that would amend the MVRPA, and the House bill now proceeds back to the Senate for a vote.  Although the House and Senate bills differ in certain respects, both would bar Plaintiff from seeking and recovering statutory penalties, which are the focal point of Plaintiff's damages claims in this case.  Without the ability to seek such penalties, Plaintiff may lack standing to bring these claims in this Court, which also would lack subject-matter jurisdiction

1

given Plaintiff's inability to satisfy the $5 million jurisdictional minimum.  For those reasons, the Court should stay the litigation and adjudication of class-certification issues and discovery pending the potential enactment and signature of the bill into law.

## II.   ARGUMENT

### A.   The Court Should Stay Class-Action Certification and Discovery Pending Adjudication of the Motion to Dismiss, Which Would Conclude This Action *With Prejudice*.

Defendant has filed a Motion to Dismiss, *with prejudice*, on several independent grounds. (*See* Doc. No. 9.)  First, Defendant seeks dismissal because Plaintiff's Complaint does not – and cannot – allege sufficient facts supporting this Court's diversity jurisdiction as a matter of law. (*Id.* at pp. 2-7.)  Second, even if Plaintiff could cure the jurisdictional deficiencies, this class action falls squarely within the "home state" and "local controversy" statutory exceptions (28 U.S.C. §§ 1332(d)(4)(A), (B)) requiring that the Court "shall decline" to exercise jurisdiction. (*Id.* at pp. 7-10.)  Third, even if dismissal were not mandatory (which it is, for the reasons summarized above and discussed in the Motion to Dismiss), the Court should exercise any discretion to dismiss the action "in the interests of justice" under 28 U.S.C. § 1332(d)(3).  (*Id.* at pp. 10-13.)

The Motion to Dismiss would conclude this action, *with prejudice*, on any or all of the grounds summarized above.  Accordingly, it makes sense, from the perspectives of sound case management and judicial economy, to stay this action pending adjudication of the Motion to Dismiss.  Otherwise, the Court and parties would be devoting substantial time and resources to a class action that, in the first instance, may never have belonged in this Court.  *See Clinton v. Jones*, 520 U.S. 680, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket").

2

**B.      The Court Also Should Stay Class-Certification Issues and Discovery Pending Enactment of a Michigan Statute That Would Deprive Plaintiff of Standing and Prevent Plaintiff From Satisfying the Jurisdictional Minimum.**

On March 24, 2016, the Michigan House of Representatives passed an amendment to the MVPRA which would bar Plaintiff from seeking any statutory penalties in this (or, indeed, any other) action. A true-and-correct copy of that amendment is attached hereto as Exhibit A.

The Michigan Senate already passed a similar amendment, a true-and-correct copy of which is attached hereto as Exhibit B. There are differences between the two bills, and the House bill now proceeds to the Senate for a concurring vote.

Both bills, however, include an amendment barring Plaintiff from alleging and seeking any statutory penalties. In particular, the amendment adds language making clear that only a customer "who suffers actual damages as a result of a violation of this Act" may bring a civil action. (Exhs. A, B, at § 5(2).) The amendment further clarifies that an allegedly aggrieved customer may recover its "actual damages" only, and strikes the reference to the "$5,000.00" statutory penalty. (*Id.* at § 5(2)(a).)

This specific amendment, in and of itself, would defeat Plaintiff's main damages claim and deprive the Court of subject-matter jurisdiction. Plaintiff's Complaint relies on the $5,000.00 statutory penalty as the principal component of Plaintiff's damages. (*See* Complaint, Doc. No. 1, at ¶ 67(2), p. 21.) Once the amendment becomes law, Plaintiff's right to seek these damages would disappear, depriving Plaintiff of standing and the Court of subject-matter jurisdiction given Plaintiff's inability to satisfy the jurisdictional minimum. (*See* Motion to Dismiss, Doc. No. 9, at pp. 5-7.) *See Rookledge v. Garwood*, 340 Mich. 444, 453 (Mich. 1954) (giving retrospective application to "remedial" statutes, which include a statute "giving a party a remedy where he had none or a different one before," and holding that "[s]ince the change in the

3

statute created no new cause of action and the amendment merely limited a procedural defense, the amended statute governs this controversy"); *Seaton v. Wayne County Prosecutor*, 233 Mich. App. 313, 322 (1988) (giving retrospective effect to "statutes that amend existing legislation for the purpose of correcting a perceived flaw or defect").

The Court, therefore, should stay any class-certification issues and discovery pending the potential enactment of the MVRPA amendment and signature of the amendment into law. Such a stay would promote the Court's sound management and adjudication of this case. By contrast, it would consume significant time and resources for the Court to adjudicate, and for the parties to litigate, a case that would not belong in this Court (or, for that matter, any other court) if the amendment became law.

WHEREFORE, for the reasons set forth herein, the Court should: (a) grant this Motion to Stay; (b) stay any class-action issues and discovery pending: (1) adjudication of Defendant's Motion to Dismiss, and/or (2) potential enactment of the amendment to the MVRPA; and (c) grant such further relief as the Court deems just and appropriate.

Dated: April 4, 2016                    Respectfully submitted,

                                        **TV GUIDE MAGAZINE, LLC**


                                        /s/ Hillard M. Sterling
                                              One of Its Attorneys


Hillard M. Sterling, Esq.
ARDC No. 6232655
Winget, Spadafora & Schwartzberg, LLP
135 South LaSalle
Suite 1921
Chicago, IL 60603
Phone: (312) 985-5600
Fax: (312) 985-5601
Email:  sterling.h@wssllp.com

## CERTIFICATE OF SERVICE

The undersigned, Hillard M. Sterling, certifies that on April 4, 2016, he electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

/s/ Hillard M. Sterling

Hillard M. Sterling, Esq.
ARDC No. 6232655
Winget, Spadafora & Schwartzberg, LLP
135 South LaSalle
Suite 1921
Chicago, IL 60603
Phone: (312) 985-5600
Fax: (312) 985-5601
Email:  sterling.h@wssllp.com

5