UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHIRLEY HYMAN,

    Plaintiff,

v.

TV GUIDE MAGAZINE, LLC,

    Defendant.
                                /

Case No. 15-cv-13769

HONORABLE STEPHEN J. MURPHY, III

**OPINION AND ORDER
<u>DENYING DEFENDANT'S MOTION TO DISMISS</u>**

Plaintiff filed a putative class action against Defendant TV Guide Magazine, LLC for alleged violations of Michigan's Preservation of Personal Privacy Act, Mich. Comp. Laws §§ 445.1711–15 (the "MPPPA") and unjust enrichment. ECF 1, PgID 2, 15, 19. The case was stayed in August 2016 pending the Sixth Circuit's decision in *Coulter-Owens v. Time, Inc.*, Case Nos. 16-1321 & 16-1380. ECF 32. The Sixth Circuit issued an opinion, ECF 37-1, and the Court lifted the stay, ECF 38. Now before the Court is Defendant's Second Amended Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(1). ECF 15-2. The Court has reviewed the briefs and finds that a hearing is unnecessary. *See* E.D. Mich. LR 7.1(f). For the reasons set forth below, the Court will deny the motion.

**BACKGROUND**

Plaintiff, a Michigan citizen, brought suit on behalf of herself and "[a]ll Michigan residents who purchased a subscription to TV Guide." ECF 1, PgID 12. She seeks "actual damages, including disgorgement, or $5,000.00, whichever is greater" for each class member as provided by the MPPPA. *Id.* at 21. Plaintiff alleges that Defendant is a Delaware limited liability company with its principle place of business in New York. *Id.* at 3. Defendant

has not filed an answer; but in its Second Amended Motion to Dismiss, Defendant argues that its principle place of business is in Michigan. ECF 15-2, PgID 219.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(1) allows dismissal for "lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1). When subject-matter jurisdiction is challenged pursuant to 12(b)(1), the plaintiff has the burden of proving jurisdiction. *Mich. S. R.R. Co. v. Branch & St. Joseph Ctys. Rail Users Ass'n, Inc.*, 287 F.3d 568, 573 (6th Cir. 2002). When a party makes a factual attack on jurisdiction, as Defendant does here, the Court "is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996). Plaintiff's allegations are not presumed to be true and "the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Id.*

## DISCUSSION

Defendant argues that Plaintiff's complaint should be dismissed because: (1) Plaintiff does not have standing under *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016), ECF 24, PgID 358–60, ECF 28; (2) the Court lacks subject-matter jurisdiction because the parties are not diverse and there is an insufficient amount in controversy, ECF 15-2, PgID 219–20; (3) the Court must decline to exercise jurisdiction based on the "home state" and "local controversy" exceptions under 28 U.S.C. § 1332(d)(4), *id.* at 210; and (4) the Court should exercise its discretion to dismiss the case in the interests of justice under 28 U.S.C. § 1332(d)(3), *id.* The Court will address each argument in turn.

2

I. Standing

Plaintiff has standing. The thrust of Defendant's argument is that an MPPPA violation does not raise a concrete injury or any risk thereof. *See* ECF 24, PgID 360. But the Sixth Circuit held that the MPPPA "confers statutory standing on a person whose information was disclosed in violation of it . . . [and] the disclosure of that information is a cognizable injury in fact for purposes of Article III standing." *Coulter-Owens v. Time Inc.*, — F. App'x —, Case Nos. 16-1321, 16-1380, 2017 WL 2731309, at *3 (6th Cir. June 26, 2017).

II. Subject-Matter Jurisdiction

The Court has subject-matter jurisdiction only if the jurisdiction is authorized by the Constitution and vested by Congress. *Kline v. Burke Constr. Co.*, 260 U.S. 226, 233–34 (1922). The Constitution provides that the judicial power shall extend to controversies between citizens of different states. U.S. Const. Art. III, § 2. Congress vested diversity jurisdiction over class actions when any member of a class of plaintiffs is a citizen of a state different from any defendant and the matter in controversy exceeds $5 million. 28 U.S.C. § 1332(d)(2). After consideration of Defendant's statutory arguments, the Court finds that it has diversity jurisdiction.

A. The parties are diverse.

Plaintiff is a citizen of Michigan and the putative class is comprised entirely of Michigan residents. ECF 1, PgID 10,12. Consequently, the Court would lack diversity jurisdiction under § 1332(d)(2) only if Defendant is a Michigan citizen. Congress provided that in a class action "an unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is

3

organized." 28 U.S.C. § 1332(d)(10). Defendant is organized under Delaware law, ECF 1, PgID 3, so the pivotal question is the location of Defendant's principal place of business.

Defendant's principal place of business is not Michigan. A company's principal place of business is the place where its "officers direct, control, and coordinate" activities. *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010). While the location may be referred to as the "nerve center[,] . . . it should normally be the place where the corporation maintains its headquarters[.]" *Id* at 93. Although *Hertz* pertained to a corporation, the Court will apply the same analysis to an LLC because both are enterprise organizations. Defendant concedes that its officers are located in New York. ECF 24, PgID 361. The record shows that Defendant has neither an employee nor a physical location in Michigan. ECF 22-4, PgID 332–33. Defendant cannot have a nerve center in Michigan without a soul or a structure in the state.

Defendant argues that the owners of the LLC that owns Defendant reside in Michigan. ECF 15-2, PgID 222. The Court, however, must focus its attention on Defendant itself. The general rule is that an LLC's citizenship is determined by the citizenship of its members. *Delay v. Rosenthal Collins Group, LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009). But 28 U.S.C. § 1332(d)(10) changes the analysis when an LLC is party to a class action. It would be improper for the Court to ignore Congress's direction and revert to focusing on the citizenship of Defendant's membership. The owners may play a prominent role in running the company, but their role is insufficient to establish a nerve center when all officers, employees, and physical locations are outside the state.

Defendant's principal place of business is not in Michigan, therefore the parties are diverse.

B. The amount in controversy is sufficient.

The case may not be dismissed because there is an inadequate amount in controversy unless Defendant demonstrates to a legal certainty that Plaintiff's claim is less than $5 million. *See Schultz v. General R.V. Center*, 512 F.3d 754, 756 (6th Cir. 2008). Plaintiff alleges that all Michigan residents who purchased a subscription to TV Guide are owed $5,000 in statutory damages. Defendant's principle argument is that an amendment to the MPPPA, if applied retroactively, bars these damages. ECF 15-2, PgID 225. But the Sixth Circuit rejected that argument. *See Coulter-Owens*, 2017 WL 2731309, at *3. Defendant therefore has not demonstrated to a legal certainty that Plaintiff's allegations are insufficient.

III. Defendant's Remaining Arguments

Defendant's remaining arguments require it to be a citizen of Michigan. *See* 28 U.S.C. §§ 1332(d)(3), 1332(d)(4)(A)(i)(II)(cc). The Court has already determined that Defendant is not a citizen of Michigan under 28 U.S.C. § 1332(d). The arguments therefore fail.

IV. Scheduling

Plaintiff filed her complaint in October 2015 and Defendant has yet to answer. The Court is growing increasingly concerned about the delay of the case. Defendant will have 14 days to file a responsive pleading. Fed. R. Civ. P. 12(a)(4)(A).

**ORDER**

**WHEREFORE**, it is hereby **ORDERED** that Defendant's Second Amended Motion to Dismiss [15-2] is **DENIED.**

**IT IS FURTHER ORDERED** that Defendant shall answer or otherwise respond to Plaintiff's complaint no later than 14 days after the date of this order.

**SO ORDERED**.

                                        s/Stephen J. Murphy, III
                                        STEPHEN J. MURPHY, III
                                        United States District Judge

Dated: October 4, 2017

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 4, 2017, by electronic and/or ordinary mail.

                                        s/David P. Parker
                                        Case Manager