# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| SHIRLEY HYMAN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TV GUIDE MAGAZINE, LLC, a Delaware limited liability company,<br><br>Defendant. | Case No.: 2:15-cv-13769<br><br>Hon. Stephen J. Murphy, III<br><br>Mag. Mona K. Majzoub |

## THE PARTIES' JOINT DISCOVERY PLAN

Pursuant to Federal Rule of Civil Procedure 26(f) and the Court's October 4, 2017 Order, (dkt. 42), Plaintiff Shirley Hyman ("Plaintiff") and Defendant TV Guide Magazine, LLC ("Defendant") hereby submit the following Joint Discovery Plan.

A Rule 16 Scheduling Conference is scheduled for October 25, 2017 at 9:30 A.M. Appearing for the parties as counsel will be:

| | |
|---|---|
| Ben Thomassen<br>bthomassen@edelson.com<br>EDELSON PC<br>350 N. LaSalle St., 13th Floor<br>Chicago, Illinois 60654<br>Tel: 312.572.7208<br>Fax: 312.589.6378 | Hillard M. Sterling, Esq.<br>sterling.h@wssllp.com<br>WINGET, SPADAFORA &<br>SCHWARTZBERG, LLP<br>135 S. LaSalle St., Suite 1921<br>Chicago, Illinois 60603<br>Tel: 312.985.5600<br>Fax: 312.985.5601 |

**1)** **Jurisdiction**: This Court has subject matter jurisdiction pursuant to 28

U.S.C. §1332(d)(2) because (a) at least one member of the putative class is a citizen of a state different from Defendants, (b) the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and (c) none of the exceptions under that subsection apply to this action. Defendant asserts that there is no subject matter jurisdiction because Plaintiff lacks Article III standing, which Defendant previously asserted (dkt. 28) and the Court denied based on the Sixth Circuit's decision in *Coulter-Owens v. Time, Inc*. (dkt. 37-1).

**2)   Jury or Non-Jury**: Both parties have demanded a trial by jury.

**3)   Statement of the Case**:

*Plaintiff's Statement*: In this putative class action, Plaintiff alleges that Defendant sold and/or shared its Michigan customers' detailed and personally identifiable magazine subscription records to numerous third parties, including data mining companies. Plaintiff alleges that by disclosing such personal information without notice or her written consent, Defendant violated Michigan's Preservation of Personal Privacy Act, Mich. Comp. Laws §§ 445.1711–15 (the "MPPPA") and, in addition, was unjustly enriched at her and others' expenses. Accordingly, Plaintiff brought this case on behalf on herself and all similarly situated Michigan customers, and seeks to recover—under the pre-2016 version of the MPPPA—statutory damages, costs, and reasonable attorneys' fees.

*Defendant's Statement*: Defendant denies that it engaged in the practices

alleged, and denies that Plaintiff has valid claims under the MPPPA, for unjust enrichment, or under any other legal theory. Defendant's defenses that are likely to be the focus of this litigation include the following. First, Defendant provided written notice to Plaintiff and the putative class, in compliance with an express exception to the MPPPA, giving subscribers the ability to remove their names from mailing lists. *See* MCL § 445.1713 (allowing disclosure for "the exclusive purpose of marketing goods and services directly to the consumer" if the customer receives notice of the ability to "remove his or her name at any time by written notice"). Second, the MPPPA only applies to sellers "at retail," which does not include subscriptions made through third parties. Third, Plaintiff's allegations are erroneous with regard to Defendant's practices, which do not violate the MPPPA as alleged by Plaintiff.

**4)** **Pendent State Claims**: This case does not include pendent state claims.

**5)** **Joinder of Parties and Amendment of Pleadings**: The parties expect to file all motions for joinder of parties to this action and to file all motions to amend the pleadings by November 22, 2017.

**6)** **Disclosures and Exchanges**: The parties are unable to agree on voluntary production at this time.

**7)** **Discovery**: The parties believe that all discovery proceedings can be completed by June 1, 2018. The parties recommend the following discovery plan,

and acknowledge that if the Court believes that discovery motions have been filed unnecessarily, in bad faith, or for vexatious or tactical reasons, the Court may appoint a Discovery Master to shift the costs of disposing of these motions from the Court to the parties:

| | |
|---|---|
| Discovery Begins: | October 25, 2017 |
| Initial Disclosures Due: | November 8, 2017 |
| Witness List Disclosures: | March 30, 2018 |
| Expert Disclosures Due: | March 30, 2018 |
| Discovery Ends: | June 1, 2018 |
| Deadline to File Motion for Class Certification: | June 29, 2018 |
| Deadline to Oppose Class Certification: | July 27, 2018 |
| Deadline to File Reply in support of Class Certification: | August 10, 2018 |
| Dispositive Motions Due: | 30 days after ruling on class certification |

The Parties do not believe there is any reason or need to phase or limit discovery at this time.

**8)** **Disclosure / Discovery of Electronically Stored Information**: The parties have discussed the production of electronically stored information and suggest that such information be handled as follows:

Documents amenable to being imaged will be produced as images on optical disks (i.e., CDs or DVDs), external hard drives accompanied by TIFF Image (DII)

4

Load Files, or will be made available via a secure electronic download. Documents produced in this manner will be accompanied by load files with searchable text (including OCR text). Any ESI produced in this manner shall also include, to the extent available:

- Unitization (including the production number of the first and last page of each file);

- Attachments (including information sufficient to identify the parent and child relationships of all documents and ESI that are or have attachments);

- Source information (including the identity of the custodian, or, if none, a generalized location); and

- Metadata (including author, file type, date created, data modified, title, FilePath, PathToNative, sender ("("from")"), primary recipient ("to"), courtesy or carbon copy ("cc"), blind courtesy or carbon copy ("bcc"), subject, sent time/date, received time/data, and MD5 hash value).

To the extent that spreadsheets, executable files, videos, animations, audio files, and presentations that include video, animation, or audio shall be produced, these items shall be produced where practical in native format. To the extent that documents produced in native format cannot be rendered or viewed without the use of propriety software, the Parties shall meet and confer to minimize any expense or burden associated with the review of such documents, including issues that may arise with respect to obtaining access to any such software or operating manuals. All documents produced as native files shall be produced along with a spacer

image sheet that: (i) is in the format for static images explained above; (ii) indicates that the file was produced as a native file; and (iii) is marked with a production number. That production number will be the production number of the corresponding native file. The native file shall be named according to this production number.

9) **Assertion of Claims of Privilege or Work-Product Immunity After Production**: The Parties have agreed on a procedure to address claims of privilege and/or work product immunity for items inadvertently produced during discovery. In the event that a document protected by the attorney-client privilege, the attorney work product doctrine or other applicable privilege or protection is unintentionally produced by any Party to this proceeding, the producing Party may request that the document be returned. In the event that such a request is made, all Parties to the litigation and their counsel shall promptly return all copies of the document in their possession, custody, or control to the producing party and shall not retain or make any copies of the document or any documents derived from such document. The producing Party shall promptly identify the returned document on a privilege log. The unintentional disclosure of a privileged or otherwise protected document shall not constitute a waiver of the privilege or protection with respect to that document or any other documents involving the same or similar subject matter.

10) **Motions**: The parties acknowledge that E.D. Mich. LR 7.1 requires a

moving party to ascertain whether any motion will be opposed. All motions shall affirmatively state the efforts of the moving party to comply with the obligation created by Rule 7.1. All non-dispositive motions shall be accompanied by a certificate setting forth in detail the efforts of the moving party to comply with the obligation created by Rule 7.1. All discovery motions shall be accompanied by a certificate and any relevant documentation or correspondence detailing the movant's attempts to seek resolution of the discovery dispute before filing the motion.

The following dispositive motions are contemplated by each party: Plaintiff anticipates filing a motion for summary judgment following a sufficient period for discovery. Plaintiff additionally anticipates filing a motion for class certification under Rule 23(b)(3).

Defendant anticipates filing a motion for summary judgment following a sufficient period for discovery.  Defendant also anticipates filing the motion for summary judgment prior to the litigation and adjudication of a motion for class certification, which may be rendered moot or otherwise impacted by the Court's ruling on summary judgment.

**11)** **Alternative Dispute Resolution**: The parties acknowledge that the Court reserves the right under Local Rule 16 to order alternative dispute resolution, and recommend that this case be submitted to the following method(s) of alternative

dispute resolution:

Plaintiff believes that—following a period of initial discovery (i.e., whereupon she can discover, *inter alia*, the size and composition of the putative class)—this case will be appropriate for private mediation, consistent with the guidelines set forth in LR 16.4.

Defendant agrees that this case will be appropriate for private mediation once the potential size and composition of the putative class is determined.

**12)** **Length of Trial**: Counsel estimate that the trial will last approximately 3-5 days total, lasting from 8:30 a.m. to 2:00 p.m. each day, allocated as follows: two (2) days for Plaintiff's case; three (3) days for Defendant's case.

**13)** **Prospects of Settlement**: Plaintiff and Defendant have not had substantive settlement discussions to date, though they have conferred (through counsel) regarding their respective views of the claims and defenses at issue. Because this matter was brought as a putative class action, Plaintiff requires—at minimum—information about the size of the putative class before she can make an informed settlement demand on Defendant.

**14)** **Electronic Document Filing System**: Counsel acknowledges that Local Rule 5.1 requires that attorneys file and serve all documents electronically, by means of the Court's CM/ECF system, unless the party has been excused from electronic filing on motion for good cause shown. The Court expects all counsel to

abide by the requirements of this rule. Pro se parties (litigants representing themselves without the assistance of a lawyer) acknowledge that they must submit their documents to the Clerk on paper, in a form complying with the requirements of the local rules. Counsel opposing a pro se party acknowledges that they must file documents electronically but serve pro se parties with paper documents in the traditional manner.

**15)** **Other**: Apart from the fact that this case was brought as a putative class action—and, thus, will require discovery beyond those facts strictly limited to Plaintiff's claim—the parties are aware of no special characteristics or other factors relevant to the cause may warrant extended discovery, accelerated disposition by motion, or other factors relevant to the case.

Respectfully submitted,

Dated: October 23, 2017

**Shirley Hyman**, individually and on behalf of all others similarly situated,

By: /s/ Benjamin S. Thomassen
    *One of Plaintiff's Attorneys*

Roger Perlstadt
rperlstadt@edelson.com
Benjamin S. Thomassen
bthomassen@edelson.com
EDELSON PC
350 North LaSalle Street, 13th Floor
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

9

        Eve-Lynn J. Rapp
erapp@edelson.com
123 Townsend Street, Suite 100
San Francisco, California 94107
Tel: 1.415.234.5262
Fax: 1.415.373.9435

Henry M. Scharg (P28804)
hmsattyatlaw@aol.com
LAW OFFICE OF HENRY M. SCHARG
718 Ford Building
Detroit, Michigan 48226
Tel: 248.596.1111
Fax: 248.671.0335

*Counsel for Plaintiff and the Proposed Class*

Dated: October 23, 2017       **TV Guide Magazine, LLC**

By: /s/ Hillard M. Sterling
     *One of Defendant's Attorneys*

Hillard M. Sterling, Esq.
sterling.h@wssllp.com
WINGET, SPADAFORA & SCHWARTZBERG, LLP
135 S. LaSalle St., Suite 1921
Chicago, Illinois 60603
Tel: 312.985.5600
Fax: 312.985.5601

## **CERTIFICATE OF SERVICE**

    I, Benjamin S. Thomassen, an attorney, certify that on October 23, 2017, I served the above and foregoing document by causing true and accurate copies of such paper to be filed and transmitted to all counsel of record via the Court's CM/ECF electronic filing system.

                                        /s/ Benjamin S. Thomassen