UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TOM HIGGINS,

        Plaintiff,

v.

TV GUIDE MAGAZINE, LLC,

        Defendant.

                                   /

Case No. 2:15-cv-13769

HON. STEPHEN J. MURPHY, III

## ORDER GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT [72]

Plaintiff[1] alleges that Defendant violated the Michigan Preservation of Personal Privacy Act ("PPPA") by disclosing the magazine subscription histories and personal reading habits of its customers to third-party companies without notice or consent. *See* ECF 1, PgID 2–3.

On June 18, 2018, the Court referred the parties to mediation. On July 17, 2018, the private facilitator notified the Court that the parties settled the case. *See* ECF 67. On September 5, 2018, Plaintiff filed an unopposed motion for preliminary approval of class action settlement. ECF 72. Attached to the motion for preliminary approval is a proposed class action settlement agreement. ECF 72-2, PgID 778–810.

Under the terms of the proposed settlement, Defendant has agreed to establish a $1.7 million non-reversionary fund to pay all approved claims by class members, expenses for notice and administration, an incentive award to Plaintiff, and attorney's fees to the proposed class counsel. *See* ECF 72, PgID 739–40. Class members who submit

---

[1] Plaintiff Tom Higgins replaced former plaintiff Shirley Hyman on June 5, 2018. ECF 64.

1

a short claim form will receive a pro rata cash award, estimated to be between fifty and one-hundred dollars. *See id.* at 740. The proposed settlement also prospectively prohibits Defendant from disclosing the protected information of its Michigan customers to any third party-companies for a period of four years, unless it first obtains customers' express written consent. *See id.* In exchange for the monetary and prospective relief, Defendant will receive a full release of all claims arising from Defendant's alleged disclosure of the magazine subscription information. *See id.* at 749.

The proposed settlement defines the settlement class as "all persons with Michigan street addresses who purchased a subscription to *TV Guide Magazine* or *TV Weekly* from TV Guide between October 26, 2009 and October 26, 2015." ECF 72-2, PgID 787. The class excludes any judge presiding over the case, their families, any current or former officers, directors, agents, attorneys, and employees of Defendant and its subsidiaries, any persons who properly and timely file a request for exclusion from the class, and the legal representatives, successors, or assigns of excluded persons. *Id.* at 787–88.

## DISCUSSION

Obtaining court approval of a class-action settlement involves a three-step process: (1) preliminary approval of the proposed settlement; (2) dissemination of mailed and/or published notice of the settlement to all affected class members; and (3) a formal fairness hearing or final approval hearing, at which class members may be heard regarding the settlement, and at which evidence and argument concerning the fairness, adequacy, and reasonableness of the settlement is presented. *See Fussell v. Wilkinson*, No. 1:03-CV-704, 2005 WL 3132321, at *3 (S.D. Ohio Nov. 22, 2005) (citing *Williams v. Vukovich*, 720 F.2d 909 (6th Cir. 1983)).

Plaintiff has presented a comprehensive description of the settlement goals, the efforts the parties have made toward the settlement goals, and a detailed outline of the final settlement terms. *See* ECF 72, 72-2. Having reviewed the motion and exhibits, the Court will grant the motion and preliminarily approve the proposed settlement agreement. The Court will also approve lead plaintiff and proposed class counsel and schedule a fairness hearing as required by Federal Rule of Civil Procedure 23(e).

I. <u>Preliminary Approval of Settlement Agreement</u>

   *A. Rule 23 Requirements are Satisfied*

Rule 23 allows plaintiffs to sue on behalf of themselves and a class of unnamed individuals who are similarly situated, but only if the prerequisites listed in Rule 23(a) are met. Fed. R. Civ. P. 23(a); *see Amgen, Inc. v. Conn. Ret. Plans and Tr. Funds*, 568 U.S. 455, 460 (2013). Furthermore, a class action must fall within one of the types of class action listed in Rule 23(b). Here, the proposed settlement class satisfies the requirements of Rule 23(a) and Rule 23(b) and should be certified.

The Court finds that the elements of Rule 23(a) are met. First, the class is so numerous that joinder of all members is impracticable. The proposed class consists of approximately 90,000 individuals. *See* ECF 72, PgID 752.

Second, there are questions of law or fact common to the class. Defendant is accused of uniformly disclosing information protected by a privacy statute, and the common questions track the elements of a PPPA claim. *Id.* at 753–54.

Third, the claims or defenses of the representative parties are typical of the claims or defenses of the class. Defendant's disclosure of Plaintiff's subscription information was simply part of Defendant's alleged pattern of disclosing its customers' subscription

information without consent. *Id.* at 756. Plaintiff's claims are typical of other putative class members, and he will advance the interests of the settlement class.

Fourth, the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a). Plaintiff and the putative class members have the same interest in the remedies outlined in the settlement agreement, and there are no antagonistic interests. And proposed class counsel have significant experience litigating similarly sized class actions involving consumer privacy. *See id.* at 758–59. Proposed class counsel have vigorously litigated the case and affirm that they will continue to do so. *Id.* at 759. The proposed settlement class meets the requirements of Rule 23(a).

The Court also finds that the requirements of Rule 23(b)(3) are met. The Court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members. Defendant allegedly engaged in a single course of conduct with respect to all members of the putative class. Several factual and legal questions concerning the conduct of Defendant lie at the heart of the litigation.

The Court also finds that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. A class action here would achieve efficiency and uniformity among the putative class members. And a class action could achieve results even for class members who may not know or discover the alleged injury on their own. *See* ECF 72, PgID 763. The Court has considered the class members' interests in individually controlling the prosecution or defense of separate actions, any litigation concerning the controversy already begun by or against class members, the desirability of concentrating the litigation of the claims in the particular forum, and the likely difficulties in managing a class action. Fed. R. Civ. P. 23(b).

4

### B. Settlement Proposal Warrants Preliminary Approval

Courts in this District look to two factors when determining whether to grant preliminary settlement approval. Preliminary approval should be given where the proposed settlement does not disclose grounds to doubt its fairness and falls within the range of possible approval. *See In re Packaged Ice Antitrust Litig.*, No. 08–MD–01952, 2010 WL 3070161, at *4 (E.D. Mich. Aug. 2, 2010); *Sheick v. Auto. Component Carrier, LLC*, No. 09–14429, 2010 WL 3070130, at *11 (E.D. Mich. Aug. 2, 2010) (quoting *In re Inter-Op Hip Prosthesis Liab. Litig.*, 204 F.R.D. 330, 350 (N.D. Ohio 2001)).

The Court finds that the proposed settlement is a fair, reasonable, and adequate resolution of a bona fide dispute between Defendant and Plaintiff and all other putative class members. The parties agreed on the principal terms of a class-wide settlement after extensive litigation. The parties are confident in their claims and defenses, but wish to settle because they are aware of the risks of litigation and the risk of retroactive amendment of the PPPA. *See* ECF 72, PgID 767–69. There are no grounds to doubt the fairness of the proposed settlement, and the proposed settlement falls well within the range of possible approval. The proposed settlement meets all applicable requirements of law, including the Class Action Fairness Act, 28 U.S.C. § 1715. The proposed settlement thus warrants preliminary approval.

Preliminary approval does not constitute a final decision on the merits of the proposed settlement agreement, which will be approved or rejected after the fairness hearing. Fed. R. Civ. P. 23(e) ("[T]he court may approve [settlement] only after a hearing and on finding that it is fair, reasonable, and adequate.").

5

II.   Approval of Notice Plan

The Court also approves of the notice plan in form and in substance. Rule 23 and due process require the best notice practicable to class members of any class certified under Rule 23(b)(3), including individual notice to all members who can be identified with reasonable effort. Fed. R. Civ. P. 23(c)(2)(B); *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 173 (1974). The substance of the notice to the settlement class must describe in plain language the nature of the action, the definition of the class to be certified, the class claims and defenses at issue, that class members may enter an appearance through counsel, that class members may request to be excluded from the settlement class, and that the effect of a class judgment shall be binding on all class members. Fed. R. Civ. P. 23(c)(2)(B). The notice plan has three parts: first, emails with a link to the claim form to members with valid email addresses identified in Defendant's records; second, mailing notice and a postcard claim form with prepaid return postage to members who did not receive an email; and third, creation of a settlement website with a long form notice, the ability to file claims online, and access to important Court documents and deadlines. ECF 72-2, PgID 812, 814–15, 817–18, 820–26; *see* ECF 72, PgID 772. The notice plan satisfies the requirements of Rule 23 and due process. And under the notice plan, the settlement administrator will notify the appropriate state and federal officials as required by the Class Action Fairness Act, 28 U.S.C. § 1715.

III.   Approval of Lead Plaintiff and Proposed Class Counsel

The Court also finds that representation of the putative settlement class is adequate. Plaintiff is an adequate representative of the class, as previously explained. And Ari J. Scharg, Eve-Lynn J. Rapp, and Schuyler R. Ufkes of Edelson PC meet the

6

class counsel requirements of Fed. R. Civ. P. 23(g).[2] They are experienced in class actions, particularly in the privacy context. *See* ECF 72-3. They have already done significant work in representing Plaintiff. They are hereby appointed as class counsel for the settlement class with all the duties, obligations, and authority as provided in Rule 23.

### ORDER

**WHEREFORE**, it is hereby **ORDERED** that Plaintiff's Motion for Preliminary Approval of Class Action Settlement [72] is **GRANTED**.

**IT IS FURTHER ORDERED** that the parties' proposed class action settlement [72-2] is **PRELIMINARILY APPROVED**.

**IT IS FURTHER ORDERED** that for purposes of settlement only, the Court conditionally certifies the settlement class as defined in the proposed settlement agreement, ECF 72-2, PgID 787–88.

**IT IS FURTHER ORDERED** that the form and content of the notice to the members of the settlement class are **APPROVED**.

**IT IS FURTHER ORDERED** that Heffler Claims Group, LLC is **APPOINTED** as settlement administrator under the proposed settlement agreement.

**IT IS FURTHER ORDERED** that Plaintiff Tom Higgins is **APPOINTED** as representative of the settlement class.

**IT IS FURTHER ORDERED** that Ari J. Scharg, Eve-Lynn J. Rapp, and Schuyler R. Ufkes of Edelson PC are **APPOINTED** as counsel of the settlement class.

**IT IS FURTHER ORDERED** that a Fairness Hearing, to determine whether the settlement should be finally approved, shall be held before this Court on **December 19,**

---

[2] Benjamin Scott Thomassen and Roger J. Perlstadt, also of Edelson PC, appear on the docket, but Plaintiff's motion does not move for their appointment as class counsel.

**2018** at 10:00 A.M. in Room 228 at the Theodore Levin U.S. Courthouse, 231 W. Lafayette Blvd., Detroit, Michigan. The Court may adjourn the Fairness Hearing without further notice to members of the settlement class.

**IT IS FURTHER ORDERED** that class counsel shall **FILE** papers in support of their fee award and the class representative's incentive award no later than **November 9, 2018.**

**IT IS FURTHER ORDERED** that the parties shall **FILE** papers in support of final approval of the settlement agreement no later than **December 5, 2018**.

**IT IS FURTHER ORDERED** that each potential class member who wishes to receive benefits under the proposed settlement agreement must complete and submit a claim form in accordance with the instructions contained therein, postmarked or received by the settlement administrator no later than **forty-five (45) days** after the date of entry of the final judgment.

**IT IS FURTHER ORDERED** that each potential class member who wishes to be excluded from the settlement class opt out per the instructions set forth in the class settlement notice, no later than **November 26, 2018.**

**IT IS FURTHER ORDERED** that any class member who has not properly and timely requested exclusion from the settlement class shall be bound in the event the Court issues a Final Order Approving Settlement.

**IT IS FURTHER ORDERED** that any class member may object to the settlement. Objections must be filed with the Court and served on counsel of the settlement class and Defendant's counsel no later than **November 26, 2018**.

**IT IS FURTHER ORDERED** that the parties are ordered to carry out the settlement and the Order according to the terms of the settlement agreement, or a substantially similar agreement if approved at the Fairness Hearing, in good faith and with reasonable judgment.

**IT IS FURTHER ORDERED** that, in the event the Court does not grant final approval of the settlement agreement following the Fairness Hearing, the Court's Order preliminarily certifying the class, including class certification, shall be null and void.

**IT IS FURTHER ORDERED** that the Court reserves the right to amend or alter this Order as necessary to maintain manageability over this action and to remain consistent with the parties' settlement agreement.

**SO ORDERED.**

s/ Stephen J. Murphy, III<br>
STEPHEN J. MURPHY, III<br>
United States District Judge

Dated: September 18, 2018

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 18, 2018, by electronic and/or ordinary mail.

s/ David Parker<br>
Case Manager